## BRUNS & KUNKEL V. THE STATE.

### No. 325.　Decided May 30.

**Butchers' Report to Commissioners Court—Evidence.**—Article 4565 of the Revised Statutes requires that butchers shall make their report to the Commissioners Court, under oath, at each regular term of the court, and article 756 of the Penal Code denounces a penalty for failure to do so: *Held*, that when such a report is ostensibly made for one term, but not sworn to and filed until at a subsequent term, it does not fulfill the requirements of the law, and is not admissible as evidence on a prosecution for failure to make said report.

APPEAL from the County Court of Guadalupe. Tried below before Hon. JAMES GREENWOOD, County Judge.

Appellants were convicted under an indictment charging them with failure to make their butchers' report to the regular term of the Commissioners Court, at the August Term thereof, 1892, and were fined in the sum of $50 each.

The defendants offered in evidence their report purporting to have been made to or for the said term of court, but said report showed, by the jurat of the county clerk, that it was not sworn to and subscribed until the 14th day of November, 1892. The county attorney objected to the introduction of said report in evidence, and the court sustained his objection and excluded the report.

No further statement is necessary.

*J. B. Dibrell,* for appellants.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellants were convicted of failing to make a report of animals butchered by them to the May Term of the Commissioners Court, and fined in the sum of $50 each.

Appellants complain that the court erred in excluding from the jury a report of the cattle butchered by them from May to August 1st. The report was evidently made out for the August Term. Upon it was indorsed, in the handwriting of one of the commissioners, the words, "Examined and ordered filed." But it is not shown when the indorsement was made. It was sworn and subscribed to on the 14th of November, 1892. It was not shown or claimed that the jurat was a mistake. But the November report was sworn to the same day, and also indorsed by the same commissioner. Nor does appellant or the county clerk state that the jurat was subsequently placed as an amendment to the report. Indeed, the minutes of the August Term show no such filing, and the recollections of the commissioners themselves, refreshed by the minutes, tend to confirm the same fact. Now, article 4565 of

the Revised Civil Statutes declares, that every butcher shall make, under oath, a regular report to each regular meeting of the Commissioners Court, which shall be recorded by the clerk, etc.; and it clearly appears appellants could not have made their report under oath, as required by law, prior to November 14, 1892, and thereby became liable to the penalty denounced in Penal Code, article 756, and the court did not err in excluding the report. Had it been shown that the report was in fact filed and approved at the August Term, and was sworn to nunc pro tunc at the November Term, a different case would have been presented. But appellants make no such case. In fact, they are not positive at what term they made their report. The court having correctly excluded the offered report, there was no defense in the case.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.